## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN FIAL**, | Case No. 3:25-cv-1474-IM |
| Plaintiff, | **OPINION AND ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| **NANCY COZINE**, in her official capacity as State Court Administrator for the State of Oregon and **MEAGAN A. FLYNN**, in her official capacity as Chief Justice of the Oregon Supreme Court (administrative capacity), | |
| Defendants. | |

John Fial, Beaverton, OR 97005. Pro Se.

Sara D. Van Loh, Senior Assistant Attorney General and Kate E. Morrow, Assistant Attorney General, 100 SW Market Street, Portland, OR 97201. Attorneys for Defendants.

**IMMERGUT, District Judge.**

Plaintiff John Fial brings this action challenging the constitutionality of ORS 107.169(3), a state statute that prohibits courts from ordering joint custody unless both parents agree to the terms and conditions of the order. This is one of several related cases brought by Mr. Fial

PAGE 1 – OPINION AND ORDER GRANTING MOTION TO DISMISS

challenging the constitutionality of Oregon domestic relations statutes. *See, e.g.*, *Fial v. Oregon*, No. 3:25-cv-00624-IM (D. Or. dismissed Aug 21, 2025) (challenging the constitutionality of Oregon statutes permitting courts to issue *ex parte* temporary restraining orders in circumstances of immediate danger or abuse); *Fial v. Cozine*, No. 3:25-cv-01498-JR (D. Or. filed Aug. 21, 2025) (challenging the constitutionality of Oregon statutes providing for property division upon divorce). Plaintiff brings this action against State Court Administrator Nancy Cozine and Chief Justice Meagan Flynn (collectively "Defendants").

This is Defendant's second action challenging the constitutionality of ORS 107.169(3) before this Court. In the first action, Plaintiff sued the State of Oregon and later amended to name as defendants Dan Rayfield, Attorney General of Oregon; Sadie Forzley, Senior Assistant Attorney General; and Kate E. Morrow, Assistant Attorney General. *Fial v. Oregon*, Case No. 3:24-cv-02157-IM (D. Or. dismissed August 21, 2025). This Court dismissed that action because the Defendants there were immune from suit under the Eleventh Amendment. Opinion & Order Granting Motion to Dismiss at 2, *Fial v. Oregon*, Case No. 3:24-cv-02157-IM, (D. Or. July 28, 2025), ECF 27.

Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. Defendants' Motion to Dismiss ("MTD"), ECF 9. Defendants also asked this Court to take judicial notice of the General Judgment of Dissolution of Plaintiff's marriage. Request for Judicial Notice ("Judicial Notice Request"), ECF 10. Plaintiff filed a response opposing both motions, Plaintiff's Response to Defendants' Motion to Dismiss ("Resp."), ECF 11, and Defendants filed a reply, Defendants' Reply in Support ("Reply"), ECF 12.

This Court concludes that Defendants are immune under the Eleventh Amendment, Plaintiff lacks standing, and Plaintiff does not state a claim upon which relief can be granted. Defendants' Motion to Dismiss, ECF 9, is granted. Defendant's Request for Judicial Notice, ECF 10, is granted. Plaintiffs' Complaint ("Compl."), ECF 1, is dismissed without leave to amend.

## BACKGROUND[1]

Oregon's marital dissolution statutes provide that a court rendering a judgment of dissolution may provide for the custody, "by one party or jointly," of all minor children from the marriage. ORS 107.105(1)(a). "Joint custody" is defined as "an arrangement by which parents share rights and responsibilities for major decisions concerning the child, including, but not limited to, the child's residence, education, health care and religious training." ORS 107.169(1). Challenged here is ORS 107.169(3), which states that a court "shall not order" joint custody of a child "unless both parents agree to the terms and conditions of the order." If the parents do not agree to joint custody, the court may provide for custody "by one party," with "parenting time rights" for the noncustodial parent. ORS 107.105(1).

Plaintiff, the father of minor child J.F., alleges that he has been "directly injured by the enforcement of ORS 107.169(3), which has designated Mr. Fial as the 'non-custodial' parent, despite being a fit parent, and despite equal parenting time, solely because the child's mother refused to agree to joint legal custody." Compl., ECF 1 ¶ 12. Plaintiff brings a cause of action under 42 U.S.C. § 1983 and asserts that ORS 107.169(3) violates (1) the First Amendment by "block[ing] . . . shared decision-making over a child's religious upbringing" and "association with the[] child," *id.* ¶¶ 39, 43, (2) the Due Process Clause by violating "the fundamental liberty

---

[1] For purposes of the Motion to Dismiss, this Court takes the allegations of the complaint, summarized here, as true.

interest of parents in the care, custody, and control of their children" by "automatically depriv[ing] a fit parent of custody without individualized findings" and "foreclos[ing] any hearing or evidence on the propriety of joint custody absent mutual consent.," *id.* ¶¶ 44, 47, and (3) the Equal Protection Clause by drawing a facial classification between parents "who mutually agree to joint legal custody and those who do not" and "disproportionately disadvantag[ing] fathers, . . . thereby perpetuating gender-based disparities in custodial status," *id.* ¶¶ 51, 55. Plaintiff seeks a judgment declaring ORS 107.169(3) unconstitutional, injunctive relief prohibiting Defendants from enforcing this law, and costs. *Id.* at 24.

## STANDARDS

"Federal courts are courts of limited jurisdiction" and are presumed to lack jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking federal jurisdiction thus bears the burden of establishing subject-matter jurisdiction. *Id.*

Plaintiff is self-represented, so the Court will construe his pleadings liberally and afford him the benefit of any doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The Court may not, however, supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992) (per curiam). Self-represented plaintiffs are given leave to amend the complaint unless amending would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000).

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move to dismiss based on lack of subject-matter jurisdiction.[2] When a motion to dismiss attacks subject-matter jurisdiction on the face of the complaint, the court assumes the factual allegations in the

---

[2] "A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or a 12(b)(6) motion." *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017).

complaint are true and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). When a motion to dismiss attacks subject-matter jurisdiction by disputing the truth of the complaint's allegations, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss because a plaintiff "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Courts must "accept as true all well-pleaded allegations of material fact," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010), and "examine the allegations of the complaint as a whole." *Khachatryan v. Blinken*, 4 F.4th 841, 854 (9th Cir. 2021). The court need not, however, credit legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

This Court first addresses Defendant's Request for Judicial Notice, ECF 10. The Court next addresses Defendant's arguments under Federal Rule of Civil Procedure 12(b)(1) that the Complaint lacks subject-matter jurisdiction. The Court then addresses Eleventh Amendment sovereign immunity and concludes that Defendants are immune from this suit. This Court

addresses Article III standing and finds that Plaintiff's injury is not fairly traceable to Defendants and not likely to be redressed by a favorable judicial decision. The Court addresses Defendants' arguments under Federal Rule of Civil Procedure 12(b)(6) and finds that Plaintiff fails to state a claim upon which relief can be granted. Finally, this Court addresses whether Plaintiff should be granted leave to amend and concludes that any amendment would be futile.[3]

## A. Request for Judicial Notice

In support of their motion to dismiss, Defendants request that this Court take judicial notice of the Judgment of Dissolution of Plaintiff and J.F.'s mother's marriage. Judicial Notice Request, ECF 10 at 2. Plaintiff opposes this motion. Resp., ECF 11 at 8.

Federal Rule of Evidence 201 allows for courts to take judicial notice of facts "not subject to reasonable dispute." Fed. R. Ev. 201(b). "The court[] must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Ev. 201(c)(2). Federal courts "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Here, Defendants request judicial notice of Plaintiff's marriage dissolution judgment, a public record. Defendants supplied this Court with the necessary information by including the case number and complete copy of the dissolution judgment. *See* Judicial Notice Request, Ex. 1, ECF 10-1. Plaintiff argues that the dissolution judgment is "irrelevant to Rule 12 resolution here [because] this is a facial challenge; Plaintiff does not seek review or modification of that

---

[3] Defendants also argue that service of process was insufficient. MTD, ECF 9 at 1. Since Defendants have challenged service, "Plaintiff bears the burden of establishing the validity of service of process." *Cooper Zietz Eng'rs, Inc. v. Akana Grp., Inc.*, No. 3:21-CV-01584-SB, 2023 WL 3981279, at *4 (D. Or. June 13, 2023). Plaintiff did not respond to Defendants' footnote alleging improper service. However, because this Court dismisses the Complaint on other grounds without leave to amend, this Court declines to address if Plaintiff's mailing constituted sufficient service of process.

judgment." Resp., ECF 11 at 8. This Court disagrees. The dissolution judgment is relevant because Plaintiff's injury is that he was not awarded joint or sole legal custody of J.F., Plaintiff's minor child. *See* Compl., ECF 1 ¶ 12. The dissolution judgment is the court record establishing that custody determination. Judicial Notice Request, Ex. 1, ECF 10-1 at 3 ("Petitioner/Mother is [] a fit and proper person to have sole legal custody of the child."). Defendants' Request for Judicial Notice, ECF 10, is granted.

## B.  Eleventh Amendment Sovereign Immunity

Defendants argue the Eleventh Amendment's grant of sovereign immunity bars Plaintiff's suit. MTD, ECF 9 at 7. Plaintiff argues that Defendants may be subject suit based on *Ex parte Young*. Resp., ECF 11 at 9. This Court agrees with Defendants.

The Eleventh Amendment generally bars suits against non-consenting states. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 (1984). This grant of "immunity extends not just to suits in which the state itself is a named party but also to those against an 'arm of the [s]tate.'" *Kohn v. State Bar of California*, 87 F.4th 1021, 1026 (9th Cir. 2023) (alteration in original) (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)).

The Supreme Court recognized an exception to States' sovereign immunity in a narrow class of suits in *Ex parte Young*, 209 U.S. 123 (1908). That exception allows for "suits seeking prospective relief under federal law [to] ordinarily proceed against state officials." *Planned Parenthood Great Nw., v. Labrador*, 122 F.4th 825, 842 (9th Cir. 2024). State officials must have "a relevant role that goes beyond 'a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision.'" *Mecinas v. Hobbs*, 30 F.4th 890, 903–04 (9th Cir. 2022) (quoting *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004)).

PAGE 7 – OPINION AND ORDER GRANTING MOTION TO DISMISS

*Ex parte Young*'s limited exception allowing suits against state officials who enforce statutes does not generally allow for injunctive relief directly against state courts, judges, or court employees. Under *Ex parte Young*, "the right to enjoin an individual, even though a state official, from commencing suits under circumstances already stated, does not include the power to restrain a court from acting in any case brought before it." 209 U.S. at 163. The Court added that "an injunction against a state court would be a violation of the whole scheme of our government." *Id.*; *see, e.g., Ortiz v. Foxx*, 596 F. Supp. 3d 1100, 1110 (N.D. Ill. 2022) (holding that relief was unavailable against state court judges acting "in an administrative, rather than judicial, capacity by promulgating the rules, regulations, and policies" (citation modified)); *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39–40 (holding a federal court could not enjoin state court clerks who docket cases).

Defendants argue Oregon has not waived its Eleventh Amendment immunity and that these Defendants, as part of the Oregon judiciary, lack the requisite enforcement connection to fall under *Ex parte Young*'s limited exception. MTD, ECF 9 at 8–10. Plaintiff does not address if Oregon has waived its Eleventh Amendment immunity. *See generally* Resp., ECF 11. Plaintiff argues Defendants fall under *Ex parte Young* here because Defendants' administrative duties provide the requisite nexus to enforcement of ORS 107.169(3). Resp., ECF 11 at 9–12.

Defendants lack an enforcement nexus to the challenged statute. Defendants Flynn and Cozine have administrative and supervisory authority over all Oregon state courts. ORS 1.002(1); ORS 8.120(1). Defendant Flynn, as Chief Justice of the Oregon Supreme Court, is the "administrative head of the judicial department of government in" Oregon and "exercise[s] administrative authority and supervision over the courts of this state *consistent with applicable provisions of law*." ORS 1.002(1) (emphasis added). Defendant Flynn lacks the ability in her

administrative role to order state court judges to decide cases a certain way. In executing

administrative authority, the Chief Justice is unable to override statutes passed by the legislature.

*See id.* Rather, constitutional challenges to statutory schemes reach the Chief Justice through her

judicial role.[4] Plaintiff also points to ORS 1.003, Resp., ECF 11 at 10, but that statute only gives

authority to Defendant Flynn to remove Chief Judges and presiding judges. ORS 1.003 similarly

lacks any enforcement connection to the statute.

> Defendant Cozine's statutory duties as State Court Administrator are to:
>
> act as court administrator for the court; keep the seal of the court, and affix it in all
> cases required by law; record the proceedings of the court; keep the records, files,
> books and documents pertaining to the court; file all documents delivered to the
> administrator for that purpose in any action or proceeding in the court; attend the
> terms of the court, unless excused by the court, and administer oaths; under the
> direction of the court enter its orders and judgments; and authenticate, by certificate
> or transcript, as may be required, the records, files or proceedings of the court, or
> any document pertaining thereto, and filed with the administrator.

ORS 8.120(1)(a)–(h) (citation modified). Similarly, none provide an enforcement nexus to ORS

107.169(3).[5] Defendant Cozine's duties concern how the Oregon judiciary operates—not what

statutes judges rely upon when awarding custody.

---

[4] Plaintiff brings this action under § 1983, Compl., ECF 1 ¶¶ 7, 15, which explicitly excludes
injunctions against judges in their judicial capacity. 42 U.S.C. § 1983 ("[E]xcept that in any
action brought against a judicial officer for an act or omission taken in such officer's judicial
capacity, injunctive relief shall not be granted unless a declaratory decree was violated or
declaratory relief was unavailable."). This Court lacks authority to enjoin Defendant Flynn
concerning her judicial role in deciding the constitutionality of state statutes.

[5] Plaintiff misstates the holding of *Whole Woman's Health v. Jackson*. Plaintiff states that the
case held clerks and licensing officials with administrative enforcement duties may be sued.
Resp., ECF 11 at 12. That is incorrect. The Supreme Court held that state medical licensing
officials who must take enforcement action under the challenged law were proper defendants.
*Whole Woman's Health*, 595 U.S. at 45–46. However, the Court found the opposite regarding
court clerks, holding that the federal court could not enjoin state court clerks from docketing
cases. *Id.* at 39, 43.

Plaintiff argues that Defendants direct state court judges to enforce ORS 107.169(3) through administrative guidance. Plaintiff alleges that Defendants "are the officials who can and do direct how circuit courts implement family-law statutes and forms statewide" and that "[t]rial courts treat CJOs [Chief Justice Orders] and UTCR [Uniform Trial Court Rules] as binding." Resp., ECF 11 at 10. Plaintiff cites to a general domestic relations rule. *Id.*; *see* UTCR 8.010. Plaintiff does not explain how this general rule affects custody determinations and in turn, his constitutional rights. Federal courts are required to assume "that the state courts will enforce every right secured by the [federal] Constitution." *Ex parte Young*, 209 U.S. at 176. Plaintiff's opportunity to raise federal constitutional claims was before the state trial court and if denied, to appeal to the Oregon Court of Appeals. *See Whole Woman's Health*, 595 U.S. at 39 (noting the "traditional remedy" when a state court errs is "some form of appeal"); *Lindke v. Tomlinson*, 31 F.4th 487, 495 n.2 (6th Cir. 2022) (same).

This Court therefore concludes that *Ex parte Young* does not apply, so Defendants are immune from suit, and this Court lacks subject-matter jurisdiction over Plaintiffs' claims.

## C. Standing

Defendants argue that Plaintiff lacks Article III standing. MTD, ECF 9 at 10–12. Plaintiff argues that he was denied joint legal custody because of ORS 107.169(3) and "the statute still governs his legal status today, barring him from petitioning for joint custody on the merits." Resp., ECF 10 at 12–15.

Standing is a threshold jurisdictional question in every case before a federal court. *Warth v. Seldin*, 422 U.S. 490, 517–18 (1975). Before the judicial process may be invoked in federal court, a plaintiff must show that the facts alleged present a justiciable "case or controversy" in the constitutional sense, and they are the "proper plaintiff to raise the issues sought to be litigated." *Linda R.S. v. Richard D.*, 410 U.S. 614, 616 (1973). To establish standing, a plaintiff

PAGE 10 – OPINION AND ORDER GRANTING MOTION TO DISMISS

"must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To be traceable, a plaintiff's injury cannot be "the result of an independent action of some third party" not named as a defendant. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation modified). Redressability requires a plaintiff to show that a favorable judicial decision would either *require* the defendant to redress the plaintiff's claimed injury or, if not, that the plaintiff "adduce[] facts to show that the defendant or a third party are nonetheless likely to provide redress as a result of the decision." *M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2018) (citation omitted).

Plaintiff lacks standing because his injury is not traceable to Defendants and is not likely to be redressed by a favorable judicial decision. The injury Plaintiff alleges is that "this statutory veto [over joint custody] has been invoked to deprive him of custodial status." Compl., ECF 1 ¶ 23. This injury comes from the state court's custody order, which "award[s] sole legal and physical custody of the minor child of the parties" to J.F.'s mother. Judicial Notice Request, Ex. 1, ECF 10-1 at 6. This custody determination is not traceable to Defendants' administrative duties. The custody determination is the result of the "independent action of [a] third party," *Lujan*, 504 U.S. at 560, the state court judge who did not award Plaintiff custody. Judicial Notice Request, Ex. 1, ECF 10-1 at 3–6.

Second, this Court cannot redress Plaintiff's injury. Plaintiff asks for "prospective relief against the administrators who enforce the statute system-wide." Resp., ECF 11 at 12. This prospective relief would not change Plaintiff's custodial designation. Plaintiff also does not show how Defendants or a third party "are nonetheless *likely* to provide redress as a result of [this Court's] decision." *See M.S.*, 902 F.3d at 1083 (emphasis added). Even if Oregon law allowed

for courts to award joint custody when both parents do not consent, Plaintiff has not shown that a state court judge would award him custody. Therefore, Plaintiff lacks standing to bring this lawsuit.

**D.  Failure to State a Claim**

Defendants argue the Complaint should be dismissed under Rule 12(b)(6) because Plaintiff does not allege a claim against Defendants, and Plaintiff has not alleged facts that meet the elements of any constitutional claim. MTD, ECF 9 at 13–14. Plaintiff alleges Defendants "oversee [the] day-to-day enforcement" of ORS 107.169(3), which violates his rights under the First and Fourteenth Amendments to the U.S. Constitution. Resp., ECF 11 at 11.

This Court agrees with Defendants. While Plaintiff is self-represented, his pleadings lack essential elements of a claim this Court cannot supply. *See Pena*, 976 F.2d at 471–72.

Plaintiff does not allege any conduct by Defendants that has violated his constitutional rights. He provides no facts for how these defendants affected his custody determination. At most, Plaintiff has described the statutory administrative duties of the Chief Justice and State Court Administrator. *See* Compl., ECF 1 ¶¶ 13–17, 25; Resp., ECF 11 at 10–11. Plaintiff points to a Uniform Trial Court Rule approved by the Chief Justice, UTCR 8.010, Resp., ECF 11 at 10, but does not explain how this trial court rule was applied in his custody proceeding. *See* Judicial Notice Request, Ex. 1, ECF 10-1. While the federal system of notice pleading "does not require 'detailed factual allegations,'" it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff does not put Defendants on notice about what they did to violate his rights, and thus, Defendants' Motion to Dismiss, ECF 9, must be granted.

**E. Dismissal Without Leave to Amend**

Defendants ask this Court to dismiss this case without leave to amend. MTD, ECF 9 at

14–15. Dismissal without leave to amend is appropriate where "amend[ment] would be futile

because the plaintiffs cannot state a plausible basis for relief." *Cervantes v. Countrywide Home

Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011). Futility exists where "no set of facts can be

proved under the amendment to the pleadings that would constitute a valid and sufficient claim

or defense." *Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (citations

omitted).

Here, amending would be futile. Plaintiff needs to plead an injury to have standing.

*Lujan*, 504 U.S. at 560. Plaintiff's alleged injury derives from how Oregon's domestic relations

laws were applied in his custody case. *See* Compl., ECF 1 ¶ 12; Resp., ECF 11 at 15. The

*Rooker-Feldman* doctrine bars this Court from providing relief from that state court judgment.

*Rooker-Feldman* "forbids a losing party in state court from filing suit in federal district court

complaining of an injury caused by a state court judgment." *Bell v. City of Boise*, 709 F.3d 890,

897 (9th Cir. 2013) (citing *Skinner v. Switzer*, 562 U.S. 521 (2011)). Federal district courts "may

not entertain appeals of state court judgments," which should instead be considered by a state

appellate court. *Miroth v. County of Trinity*, 136 F.4th 1141, 1146 (9th Cir. 2025). If Plaintiff

does *not* plead facts about his custody case, he lacks a "concrete and particularized" injury in

fact. *See Lujan*, 504 U.S. at 560 (holding that "invasion of a legally protected interest" is part of

the "irreducible constitutional minimum of standing"). Without such an injury, Mr. Fial is not the

"proper plaintiff to raise the issues sought to be litigated." *See Linda R.S.*, 410 U.S. at 616

(noting whether a plaintiff has a "personal stake in the outcome of [a] controversy" is a

"threshold question which must be answered" (citation omitted)). Plaintiff's Complaint therefore

must be dismissed without leave to amend.

PAGE 13 – OPINION AND ORDER GRANTING MOTION TO DISMISS

**CONCLUSION**

Defendants' Motion to Dismiss, ECF 9, is GRANTED. Defendants' Request for Judicial Notice, ECF 10, is GRANTED. Plaintiff's Complaint, ECF 1, is DISMISSED without leave to amend because amendment would be futile.

**IT IS SO ORDERED.**

DATED this 12th day of November, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge